Argued April 25, affirmed as modified June 25, reconsideration denied July 24, petition for review denied September 25, 1979

In the Matter of the Marriage of
von OFENHEIM, *Respondent,*
*and*
von OFENHEIM, *Appellant.*
(No. D 7612 17169, CA 11426)

596 P2d 1007

Walter H. Evans, Jr., Portland, argued the cause for the appellant. With him on the brief was Evans, Hall & Grebe, Portland.

[865]

Jack L. Kennedy, Portland, argued the cause for respondent. With him on the brief were Allen Reel, Portland, and Kennedy, King & McClurg, Portland.

Before Schwab, Chief Judge, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

This is a dissolution of marriage proceeding. At the time of trial, the husband was 44 years of age and the wife was 42. The parties had been married 22 years. There are four dependent children ranging from ten to 19 years of age.

Husband has appealed claiming as his first assignment of error that the trial court did not make an equitable division of the marital assets. We modify the trial court's decree.

At the time of the parties' marriage in 1956, wife was attending college and husband was in the military service. Wife completed two years of college and worked during the early days of the marriage as a clerk-typist. After completion of his military service, husband obtained a bachelor's degree in accounting.

At age 21, wife received $30,000 to $40,000 from a trust previously set up by her father. The parties used approximately $25,000 of this money to buy their first house in California.

In 1964, the parties moved from California to Connecticut where husband began working for Amsinck Corporation in New York City. Amsinck was described as a family corporation investing in stocks, bonds, venture capital, real estate and loans. The corporation is wholly owned by the family's Etawe Trust. Husband worked for the corporation until 1973 as a vice president and director. His annual salary plus other compensation reached a high of $50,000. He was terminated as a vice president in 1973 but continued with the company in a consulting capacity for a period of three years. He is still a director of the corporation.

In 1976 the parties sold their home in Connecticut for $133,000 and moved to Oregon. Husband purchased Lake Auto Parts in Lake Oswego for approximately $160,000. He borrowed $110,000 from the Etawe Trust-Amsinck Corporation to apply toward the purchase price.

In October 1976, shortly after the parties arrived in Oregon, the marriage broke down and the parties separated. In August 1977, wife and children moved to the state of Virginia. Husband remained in Oregon to operate his automobile parts and supply business. Wife is employed as a clerk-typist in the biology department at the College of William and Mary.

At the time of the trial, there was little or no dispute as to the value of the following assets: $118,900 cash, $31,766 cash value of life insurance, $27,949 in listed common stock, a $14,000 motor home, and $4,500 in vehicles.

There was a dispute as to the value of the auto parts business, furniture and fixtures, and the parties' personal effects.

Husband is a beneficiary under three family trusts. The "Shurlock Trust" was created by husband's maternal grandmother. His mother is the income beneficiary for her life and she also has the right to withdraw five percent of the principal or $12,000 per year, whichever is less. The life beneficiary is 74 years old and in good health. The present value of the trust assets is $597,695. Husband has a one-third remainder interest or an expectancy of $199,232, based on present values.

The "Etawe Trust" was created by husband's granduncle, Baron Ofenheim. The trust assets are presently valued at $6,774,000. The final distribution is scheduled for the end of 1983. Husband has a one-eighteenth interest or an expectancy of $376,333, based on present values.

The "American Grandchildren Trust" is a spin-off from the Etawe Trust. Husband's interest is the sum of $60,000. This entire amount is pledged to the repayment of the loan to purchase Lake Auto Parts.

[868]

The trial court did not give an opinion or make findings of fact. However, the husband has prepared, as a part of his brief in this court, the following table based upon the court's decree:

| "Non-Trust Assets: | Husband | | Wife | |
| --- | --- | --- | --- | --- |
| Cash | 2,898 | | 116,044 | |
| Listed Securities | | | 27,949 | |
| Life Insurance (CSV) | 31,766 | | | |
| Motor Home | 14,000 | | | |
| Travelall | 1,500 | | | |
| Pontiac | | | 3,000 | |
| Superior Auto Parts | 160,000 | | | |
| Husband's Personalty | 12,419 | | | |
| Wife's Personalty | | | 4,498 | |
| Storage Personalty | 823 | | | |
| Assets Other Than Trusts | | 223,406 | | 151,491 |
| *Liabilities:* | | | | |
| Household debts | | | (1,352) | |
| Etawe loan | (120,000) | | | |
| Capital gain tax | ( 10,000) | | | |
| Total Liabilities | | (130,000) | | (1,352) |
| NON-TRUST TOTAL | | 93,406 | | 150,139 |
| | | (38%) | | (62%) |
| *Trusts:* | | | | |
| Etawe | 376,333 | | | |
| Shurlock | 199,232 | | | |
| Grandchildren | 60,000 | | | |
| Total Trusts | | 635,565 | | |
| Judgment to Wife | | (302,491) | | 302,491 |
| TOTAL | | 426,480 | | 452,630 |
| | | (49%) | | (51%)" |

This table shows that the trial court used wife's values as to the disputed items. The court used the present value of the trust assets; awarded all the trust property to husband; and then to effect a 50-50 division of the total property, gave wife a judgment against husband in the sum of $302,491.[1]

---

[1] Wife was awarded custody of the four children. Husband was required to pay the sum of $175 per month for each child. Wife was awarded spousal support in the sum of $250 per month for a period of 10 years. Husband did not appeal from these provisions in the decree.

[869]

Husband claims that the adoption of the present value of the trust assets, in which he has only future interests, totally distorts the property division. He argues that he must outlive his 74-year-old mother to receive the one-third interest in the Shurlock trust and that he must live until December 31, 1983, to receive the one-eighteenth interest in the Etawe Trust.

In *Walker and Walker,* 27 Or App 693, 557 P2d 36 (1977) we said at 696:

> "Regardless of whether the parties' various trust interests are vested or contingent, they are valuable, alienable property. *Cf. Love v. Lindstedt,* 76 Or 66, 147 P 935 (1915). Thus, they should properly be considered by the court when making an equitable distribution of the parties' assets, ORS 107.105(1)(e), and the trial court erred in considering only that trust interest which it found to be presently vested. * * *."

In *Rinehart and Rinehart,* 26 Or App 513, 552 P2d 1346 (1976), we held that the trial court properly assigned a value to a one-half interest in real property which was subject to the life estate of husband's 86-year-old mother. At page 515, we said:

> " * * * The remainder is a vested interest and is certainly a valuable asset, although it may be difficult to place an exact value on it. * * *"

The trial court in this case was faced with the difficult task of determining an exact value for the husband's interest in each of the trusts. A certified public accountant called by husband as a witness testified that there was no way to determine the remainderman's value. The husband claims that the only fair method of dealing with the trust assets is to defer the wife's sharing in them until the principal is actually received. The wife counters this by saying that husband and his family could easily employ methods to divest wife of her interest or to circumvent her sharing in the trusts.

■ Given the testimony and the choices available to the trial judge, we agree with his conclusion in

accepting the current value of the trusts. There is no rule of law that requires the valuation of property to be mathematically certain.

■ We also agree with the trial court's valuation of the auto parts business, furniture and fixtures, and the parties' personal effects.

The decree now provides in part:

"Petitioner shall have judgment against respondent for the sum of $302,491. Said judgment shall be secured by respondent's interest in the Ofenheim Etawe Trust and in the Shurlock Trust. Respondent is directed to execute an assignment to petitioner of his interest in said trusts as security for the payment of said judgment."

There is nothing to prevent wife from having an execution issue on the judgment forthwith. The judgment bears interest at the legal rate of 6% per annum—more than $18,000 per year. Husband's current income and liquid assets are limited. After the interest is paid on his loan, he receives approximately $8,000 per year from the Etawe Trust-Amsinck Corporation. He has no immediate prospect of drawing a salary from the auto parts business. He is required to pay $950 per month in child and spousal support.

We are of the opinion that the decree should be amended to require the judgment in the amount of $302,491 plus accrued interest at the rate of 6% per annum be paid on December 31, 1983. In all other respects, the decree shall remain the same. The allowance of interest should in part offset the probable loss in purchasing power that wife will suffer from inflation.

We have considered husband's second assignment of error wherein he contends the trial court erred in sustaining an objection to a question to the president of Amsinck Corporation as to contingent liabilities involving the corporation's assets. The answer to the question was received under the equity rule. We have

read it. We are of the opinion that if the offered testimony had been received, it would not have changed our result in this case.

Affirmed as modified without costs to either party.