Argued and submitted June 14, 1982, affirmed as modified January 12, reconsideration denied February 17, petition for review denied March 22, 1983 (294 Or 613)

In the Matter of the Marriage of

## BENTSON,
*Respondent,*
*and*
## BENTSON,
*Appellant.*

(No. 116716, CA A23691)

656 P2d 395

Myron L. Enfield, Salem, argued the cause for appellant. With him on the brief was Enfield & McConville, Salem.

Arthur B. Cummins, Jr., Salem, argued the cause for respondent. With him on the brief was Rhoten, Rhoten & Speerstra, Salem.

Before Richardson, Presiding Judge, Thornton, Senior Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Wife appeals a dissolution decree. She contends that the trial court erred in failing to distribute the marital property equitably.

The parties were married 20 years. Each is 42. They have two children, ages 8 and 12. Husband was a policeman. He quit his job in 1979 to work full-time at an ammunition reloading business that he started in 1976. He also operates a security service and is a firearms retailer. None of these businesses is presently very profitable. Husband's major source of income is $1,900 he receives monthly as an income beneficiary of a trust established in 1976 under his father's will. When he reaches age 50, he will receive one-half the corpus of the trust, which is presently valued at $681,482. Before and during the early years of the marriage wife worked as a secretary. She is now working on an irregular basis as an elementary school aide.

The trial court awarded wife marital assets worth $45,600. Husband's share, excluding the trust and his businesses, is worth $31,055. Wife does not dispute the valuation of those assets. Husband assumed approximately $5,070 of family debts, including payments on the family home awarded to wife. The court awarded the reloading business to husband without assigning it a value. It found that husband's other businesses had no present value and awarded them to him. It also awarded him, without assigning it a value, his interest in the trust. The court stated:

> "To the extent that, in my opinion, the trust estate should be considered a marital asset, the spousal support has been awarded for an extended period of time."

Wife was awarded spousal support of $600 per month for ten years and child support of $250 per month for each child. At trial, husband's CPA testified that the reloading business has assets worth $21,000.

Wife contends that she should be awarded a share of husband's interest in the trust, to be paid when the corpus is distributed. We agree.

■ ■ Whether vested or contingent, husband's interest in the trust is a marital asset to be considered in the

division of marital property. *Jenks and Jenks,* 294 Or 236, 656 P2d 286 (1982); *Pierson and Pierson,* 294 Or 117, 653 P2d 1258 (1982); *see von Ofenheim and von Ofenheim,* 40 Or App 865, 596 P2d 1007, *rev den* 287 Or 477 (1979); *Walker and Walker,* 27 Or App 693, 696, 557 P2d 36 (1976), *rev den* (1977).

The trial court awarded the marital assets, with the exception of the trust, on an almost equal basis.[1] Although the court did consider the value of the trust in awarding wife spousal support for an extended period of time, we conclude that the failure to award wife an interest in the trust was inequitable. Although the source of a marital asset is a relevant consideration in the calculus of a property division, *Walker and Walker, supra,* 27 Or App at 696, in marriages of long duration we are less concerned with identifying the relative contributions of the parties than we are with ensuring that the parties separate on as equal a basis as possible under the circumstances. *Pierson and Pierson, supra; Glatt and Glatt,* 41 Or App 615, 598 P2d 1237 (1979).

Decree modified to award wife a non-interest-bearing judgment for one-half of any distribution of trust corpus whenever made to husband, but not to exceed $170,370.50 in total; wife's spousal support shall terminate on satisfaction of judgment; affirmed as modified. No costs to either party.

---

[1] Husband received $31,055 of marital assets in addition to the reloading business, which we find to be worth $21,000. He also assumed $5,070 of the parties' debts. Therefore, excluding the trust, he received assets worth $46,985. Wife received assets worth $45,600.