In re the MARRIAGE OF Cynthia A. GORMAN, Appellant and Cross–Appellee,

and

Edward W. Gorman, Appellee and Cross–Appellant.

No. 00CA0998.

Colorado Court of Appeals, Div. A.

Oct. 11, 2001.

John E. Plock, Attorney At Law, P.C., John E. Plock, Fort Collins, CO, for Appellant and Cross–Appellee.

Frey, Korb, Haggerty & Michaels, P.C., Ian D. McCargar, Fort Collins, CO, for Appellee and Cross–Appellant.

Opinion by Judge CRISWELL. *

In this dissolution of marriage proceeding, Cynthia A. Gorman (wife) appeals and Edward W. Gorman (husband) cross-appeals from the permanent orders for the division of marital property. We affirm in part, reverse in part, and remand for reconsideration.

The significant issues here relate to the nature of husband's interests in two trusts created by his parents and the extent and value of farmland gifted to him during the marriage. The trial court found that husband's interests in the trusts were not property, but mere expectancies of receiving a bequest in the future. The court also determined that ownership of forty-five acres of land had been transferred to husband from his mother during the marriage and that the value of that property had increased some $142,550.

The court divided the marital assets almost equally, with each party receiving approximately $300,000 in property.

## I.

■ Wife first contends that the trial court erred in determining that the increase in value of the two trusts during the marriage did not qualify as marital property subject to division. We agree that husband's interest in each trust is a vested remainder interest, even though his interest in one trust

is subject to defeasance upon the occurrence of a condition subsequent.

Under § 14–10–113(2)(a) and (4), C.R.S. 2001, the marital estate includes all appreciation realized during the marriage in any property received as a gift or bequest, which would otherwise be classified as separate property.

The two trusts here were created by husband's parents prior to his marriage, and each had identical terms. Husband's father had been dead for many years, but his mother, age 86, was still alive at the time of the entry of the permanent orders. Under the father's trust, husband's mother was to receive its income during her lifetime. In addition, the trustee could invade the principal for the mother's maintenance, medical care, or welfare.

Similar provisions of the mother's trust entitled her to its income during her lifetime, and the trustee also had the right to devote any part of its corpus for the mother's benefit. In addition, the mother retained the right during her lifetime to revoke or amend that trust. Upon the mother's death, the corpus of both trusts was to be distributed to husband and his siblings.

Each trust also provided that no beneficiary had any right, title, or interest, legal or equitable, in or to any portion of property constituting the corpus of that trust, and each had spendthrift provisions so that no creditor of any beneficiary could reach its corpus or undistributed income.

The trial court held that these trust provisions did not create any property interests in husband, but rather, gave him mere expectancies, which would become property interests, if at all, only upon the mother's death without exhaustion of the corpus of both trusts and without her revocation of her trust. We conclude, however, that the recent opinion in *In re Marriage of Balanson*, 25 P.3d 28 (Colo.2001), issued after the trial court's decision in this case, mandates a contrary conclusion.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

In *Balanson,* the wife's parents had created a trust that became irrevocable upon the mother's death. At that time, the corpus was poured over into two trusts, with the wife the remainderman of one. Her father was the lifetime income beneficiary, and he, as the trustee, was to pay the net income to himself during his lifetime. In addition, he had the authority to invade the corpus to provide for his own support, care, and maintenance. As in this case, therefore, this power of invasion could have resulted in the entire depletion of the trust's corpus. Nevertheless, the supreme court held that the wife's remainder interest was a vested property interest, even though her enjoyment of that interest might be postponed or never realized. While the right of invasion of corpus might render the value of the wife's interest uncertain, it did not convert her interest into a mere expectancy.

Here, the father's trust is substantially identical to the trust involved in *Balanson.* While the father here, like the mother in *Balanson,* possessed a power to revoke during his lifetime, he died without exercising that power. Hence, like the wife's interest in *Balanson,* husband's remainder interest in the father's trust here is subject to depletion only by exercise of the trustee's right to invade corpus. Because such a right does not convert a vested remainder property interest into a mere expectancy, husband's remainder interest in his father's trust is clearly a property interest. And, because husband acquired this interest by inheritance, it is his separate property, but any increase in the value of that interest during the marriage is marital property subject to division. *See* § 14–10–113(4).

■ Husband's remainder interest in the mother's trust is somewhat different because the mother is still alive, and she may revoke that trust during her lifetime. The question, thus, is whether such a right of revocation converts what otherwise would be a vested remainder property interest into a mere expectancy. We conclude that it does not.

In *In re Question Submitted by United States Court of Appeals,* 191 Colo. 406, 553 P.2d 382 (1976), the supreme court distinguished, for purposes of determining whether a property interest exists, between a remainder interest that will not vest until a specified event occurs (a contingent remainder dependent upon a condition precedent) and a presently vested remainder interest that might, nevertheless, be subject to a complete defeasance if a stated event occurs (a vested remainder subject to a condition subsequent). A common condition subsequent is the death of one of several remaindermen, where the trust or will provides that, in that case, the decedent's interest will go to the other remaindermen or to some third party.

Here, if the mother does not exercise her right to revoke before her death (and the corpus of her trust is not entirely depleted), husband will come into possession of the remainder interest. It is clear, therefore, that the mother's exercise of her right to revoke is a condition subsequent, and unless that event occurs, husband's interest will remain vested. Hence, husband's present interest is an interest in property.

In sum, therefore, husband's interests in both trusts are vested remainders that are property interests, some portion of which may be subject to division, if their values increased during the marriage.

While attempting to place a present value upon these interests may be difficult, we see no reason why it cannot be done. Further, we see no reason why the trial court, after determining the present value that is subject to division, cannot postpone the physical division of that value until husband comes into actual possession of the property, and make such distribution subject to it not being defeated. However, because the court's consideration of these assets might have some effect on the court's decision with respect to the other marital property, the trial court upon remand, may, to the extent it considers it appropriate to do so, reconsider the equitable division of all of the marital property. *See In re Marriage of Balanson, supra.*

II.

Given our conclusion that husband's remainder interests in the trusts are property, we need not consider wife's contention that the trial court also erred in refusing her a

continuance to present other evidence upon the issue.

## III.

In his cross-appeal, husband contends that the trial court erred in failing to enter sufficient findings to support its conclusion as to the valuation of the farmland. We disagree.

The trial court's valuation of an asset will not be disturbed on review if it is reasonable in light of the evidence as a whole. *In re Marriage of Foottit*, 903 P.2d 1209 (Colo.App.1995). Further, the trial court has discretion to arrive at its own determination of value if supported by the evidence. *In re Marriage of Plesich*, 881 P.2d 379 (Colo.App.1994).

Credibility determinations and the weight, probative force, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn therefrom, are matters within the sole discretion of the trial court. *In re Marriage of Elmer*, 936 P.2d 617 (Colo. App.1997).

The parties presented greatly varying estimates of the amount and value of the land received by husband during the marriage. The trial court found no basis for wife's computations as to the acreage received and rejected her estimate of $294,372 as the increase in value of that asset. The court found husband credible as to the forty-five acres he claimed to have received during the marriage, but rejected his value of $46,088 for the marital appreciation. Instead, the court adopted a value of $142,550 for that appreciation, which, based upon a per acre value, was between the highest and lowest appraisals presented.

We conclude that the evidence supports the value adopted by the trial court and that its findings are sufficient to show the bases for those findings. Therefore, the trial court's determination of valuation may not be set aside. *See In re Marriage of Nordahl*, 834 P.2d 838 (Colo.App.1992)(the trial court may, in its discretion, choose the valuation of one party over that of the other or arrive at its own reasonable determination).

## IV.

Finally, husband argues that the trial court erred in entering orders concerning certain securities owned by the parties' children. Wife concedes that the securities are owned by the children and agrees with husband, as do we, that, as a result, the trial court lacked jurisdiction over the securities. *See* § 14–10–113(2), C.R.S.2001. Consequently, we also reverse the permanent orders as to those securities. However, the trial court may consider the securities as a factor in determining how to allocate between the parties any marital debt related to the children's education.

The permanent orders are affirmed as to the valuation of the farmland and reversed as to the classification of the increased value of husband's interests in the trusts and as to the disposition of the children's securities. The case is remanded for reconsideration of the orders for property division in the manner described in this opinion.

Judge RULAND and Justice KIRSHBAUM concur.