Argued and submitted September 3, 2008, affirmed April 1, respondents' petition for attorney fees and statement of costs filed April 22; appellant's objection to petition for attorney fees filed June 26; and respondents' reply to objection to petition for attorney fees filed July 9 allowed by opinion September 9, 2009
See 230 Or App 586, ____ P3d ____ (2009)

## In the Matter of the Marriage of

### Robert GITHENS,
*Petitioner-Respondent,*

*and*

### Christie GITHENS,
*Respondent-Appellant,*

*and*

### Sarah "Sally" MOFFETT,
*Other-Respondent.*

### Lane County Circuit Court
### 150416210; A130128

204 P3d 835

John A. Hudson argued the cause and filed the briefs for appellant.

Jeffrey E. Potter argued the cause for respondents. With him on the briefs were Gardner, Honsowetz, Potter, Budge & Ford, and Mindy Wekselblatt.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

Schuman, J., dissenting.

**LANDAU, P. J.**

The issue in this domestic relations case is the extent to which husband's beneficial interest in his mother's revocable trust can be taken into account in dividing the parties' marital property. The trial court concluded that, because the trust is revocable at the whim of the settlor, husband's interest in it is entirely speculative and, as a result, not subject to division. Wife appeals, arguing that the court erred in failing to award half of husband's beneficial interest in the trust to her and in failing to take evidence of the trust's value and the likelihood that it would, in fact, be revoked. Husband argues that, because of the inherently speculative nature of a beneficial interest in a revocable trust, the trial court did not err in declining to treat it as marital property.

Resolving the parties' dispute requires us to interpret the controlling statute, ORS 107.105(1)(f), which authorizes the court in a dissolution case to divide the "real or personal property" of the parties. It is an issue of first impression. Nevertheless, it has long been the law of this state that mere expectancies are not "property" in the ordinary meaning of the term, and we find in the wording of the statute no intention to depart from that general rule. Because the beneficial interest in a revocable trust is, necessarily, a mere expectancy, we conclude that the trial court did not err. We therefore affirm.

## I. FACTS

The relevant facts are not in dispute. Husband and wife were married to each other for 23 years. At the time of trial, both were in their early fifties. Throughout the marriage, husband worked as a farmer and truck driver. At the time of trial, he worked for a rental company, earning approximately $2,500 per month. Wife also worked outside the home throughout the marriage, either part-time or full-time. At the time of trial, she worked half-time as a cook at a retirement center, earning approximately $1,100 per month.

Beginning in 1982, the parties lived in a house that was located on a 100-acre grass seed farm on Oaklea Drive in Junction City and that was owned by husband's mother

(mother). The parties paid no rent. The house was in bad condition when they moved in, and they both worked on modernizing and reconditioning it. Mother paid for most of the improvements, although wife also contributed to the project with some of the proceeds from the sale of a house that she had lived in before the marriage and with money that she had received from a settlement after an automobile accident.

Mother lived in a house on a different 100-acre grass seed farm that she owned near High Pass Road, in Junction City. She also owned an adjacent unimproved 100-acre parcel. When the parties married, husband stood to inherit half of mother's property, including her grass seed farms and the buildings on them. In 1999, after the parties had been married for 17 years, mother altered her estate plan and created a revocable trust. At the time of trial, the trust had not been revoked.

Mother and wife got along well, even up to and after the parties separated; at her deposition, mother testified, "We have always visited up a storm. I always enjoy her." Mother gave both parties substantial financial assistance, including $15,000 to wife when wife's son from a previous marriage had legal trouble. At one point, mother intervened on wife's behalf to prevent husband from evicting her. At the time of trial, mother was 77 years old and experiencing some obvious symptoms of dementia.

Before trial, wife's attorney served four subpoenas *duces tecum*, two each on husband's mother and husband's sister, seeking their appearance for deposition and trial, as well as documents relevant to mother's revocable trust. Mother and the sister moved to quash the subpoenas and for a protective order. The court, apparently concluding that the contents of mother's revocable trust were *per se* irrelevant, granted those motions and denied wife's motion for reconsideration of that decision, although mother and the sister ultimately testified by deposition and at trial, albeit not about the trust. In response to wife's argument that, at the very least, the existence of the trust could be relevant, the court accepted, without objection, husband's counsel's stipulation:

> "I will stipulate that in the current revocable trust that his mother has, that upon her death, as it presently is worded,

he would share equally with his sister in the proceeds that she left at her death."

During trial, the court denied wife's second motion to reconsider the order to quash, but—over husband's objection—received from husband's attorney a sealed copy of the trust document and, before ruling, reviewed it. The court refused to admit any other evidence about the trust.

At trial, wife argued that she was entitled to a one-half interest in husband's beneficial interest in mother's revocable trust. Husband argued that, because of the revocable nature of the trust, his interest in it was entirely speculative and, as a result, not property that is subject to division.

The trial court divided the parties' personal property, debts, and retirement accounts, which were all of comparable value. There was no real property to divide, as the Oaklea Drive farm on which the parties resided was still owned by mother, and they owned jointly no other real property at the time of the trial.

The trial court wrestled with the question whether a beneficial interest in a revocable trust is "property" that may be divided in a dissolution case. Ultimately, it issued two letter opinions on the subject, the first answering the question in the affirmative, but the second answering the question in the negative.

In its first letter opinion, the trial court summarized its dilemma in the following terms:

"There is a substantial question as to whether and how the Court should value Husband's interest in [mother's] trust. On the face of it, the trust is revocable and Husband has not yet received any measurable interest in the properties involved. The actual total value of the assets included in the trust are unknown to the court."

The court noted that mother had been present in court and "appeared not to be in the best of health." The court suggested that mother appears to be suffering from the effects of dementia. Nevertheless, the court concluded, husband could actually predecease his mother and receive nothing under the trust. In the end, the court found that husband's interest

in the revocable trust "is more real than speculative." The court then decided to divide the interest as follows:

> "This being a long-term marriage with the circumstances as set forth herein, the Court has concluded that the best, and fairest way to deal with husband's interest in this asset, however it may be defined or valued, is to award Wife a non-interest bearing judgment for one-half of the value of Husband's portion of the trust, valued as of dissolution but payable as of the date of distribution, whenever made to Husband.
>
> "* * * * *
>
> "To offset the significant difference in personal property values awarded to Husband, Husband shall * * * pay to Wife the sum of $12,042 as an equalizing judgment."

Both parties petitioned for reconsideration. The court took the petitions under advisement and issued an amended letter opinion, in which the court changed its mind about the nature and divisibility of husband's interest in mother's trust:

> "This case presents a factual situation that, in this court's view, is very likely to be inequitable and unfair to Wife in the reasonably near future. This Court is obligated, nevertheless, to follow the law as the Court finds it. The Court, albeit reluctantly, has concluded that the case law regarding revocable trusts dictates that the Court should modify its Opinion Letter in several particulars including regarding any eventual trust proceeds."

In the amended letter opinion, the court deleted its conclusion that the fairest way to deal with the case is to award wife a one-half interest in husband's interest in the trust. The court commented that, although it continued to have concerns about mother's health, "evidence to prove she is incompetent is very limited." As a result, the court explained, "[t]his Court must conclude that the Trust at issue is revocable and that Husband's interest therein is speculative and one not subject to division as a marital asset."

The court noted that its decision not to divide husband's interest in the trust as property posed a problem as to how "to arrive at a fair, equitable and just result for each of the parties." To address that problem, the court increased the

amount of the equalizing judgment, requiring husband to pay wife a total of $30,042, an increase of $18,000.

## II.  ANALYSIS

Wife appeals, advancing seven assignments of error. In her first assignment, wife contends that the trial court erred in failing to order an expedited pretrial hearing and to provide her with notice and an opportunity to be heard on the motions to quash her subpoenas and further erred in failing to reconsider its order granting the motions. In the remaining assignments, wife contends that the trial court erred in refusing to take evidence concerning the nature and value of mother's revocable trust and in refusing to award wife a one-half interest in husband's beneficial interest in that trust.

Husband responds that wife's assignments concerning the failure to hold an expedited hearing are not preserved and that the balance of her assignments stand or fall with the determination whether his beneficial interest in a revocable trust is "real or personal property" that is subject to division under ORS 107.105(1)(f). According to husband, such an interest is a mere expectancy, and mere expectancies have never been considered "property" under Oregon law. Husband points to the fact that the courts or legislatures in every other jurisdiction in the country that have considered this question have concluded that a beneficiary's interest in a revocable trust is too speculative to be considered "property" that may be divided in a dissolution case.

Wife replies that the notion that unvested, "mere expectancies" are not property is an "urban legend" that should not be perpetuated in this case. Wife further points out that, whatever may be the law in other jurisdictions, the fact remains that no Oregon appellate court has yet held that a beneficial interest in a revocable trust cannot be considered property subject to division in a dissolution case.

A.  *First assignment: Failure to order expedited hearing*

In her first assignment of error, wife contends that the trial court erred in failing to issue an order setting an expedited hearing in response to the motions to quash her subpoenas *duces tecum*. As we have noted, in response to her

subpoenas, mother and husband's sister moved to quash. They also asked for expedited hearings on their motions. According to wife, under a supplemental local rule, the trial court should have sent a notice to all parties setting the matter for an expedited hearing. Instead, the trial court simply decided the matters, granting the motions to quash. Husband responds that wife did not preserve her contention on appeal that a hearing was required. In any event, husband argues, any error was harmless in light of the fact that wife moved for reconsideration of the trial court's rulings and obtained a full hearing on the very same issues on her motion for reconsideration.

■    We agree that any error in failing to set the matter for an expedited hearing was rendered harmless in light of the fact that it is undisputed that wife received a full and fair hearing on all of the same issues in response to her motion for reconsideration. We reject her first assignment of error without further discussion.

B.   *Remaining assignments: Husband's beneficial interest in the revocable trust*

In her remaining assignments, wife contends that the trial court erred in failing to allow discovery of, or take evidence concerning, the nature and value of mother's revocable trust and in failing to award her half of husband's beneficial interest in it. As wife herself acknowledges, "[a]ll [of those] assignments of error relate to a central issue of whether a revocable living trust may be considered either a marital asset or marital property."

ORS 107.105(1)(f) governs the division of a couple's property when their marriage is dissolved. Under that statute, the court has authority to provide

> "[f]or the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. * * * There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

In *Kunze and Kunze*, 337 Or 122, 133, 92 P3d 100 (2004), the Oregon Supreme Court acknowledged that, under that statute, a court has authority to divide the "real or personal property" of the parties in a manner that is "just and proper in all the circumstances." The parties' "real or personal property," the court explained, consists of two subclasses of such property, determined according to when the parties acquired it. First, there is the property that each of the parties acquired *before* the marriage. *Id.* Second, there are "marital assets," which consist of the property that the parties acquired *during* the marriage. *Id.* The presumption of equal contribution applies to that subclass of marital property. *Id.* The court in *Kunze* further explained that, after the court makes a preliminary determination of the appropriate division of the marital assets—either by applying the presumption or by determining that the presumption has been rebutted—ORS 107.105(1)(f) requires that the court determine what division of all of the marital property, both the marital assets and any property brought into the marriage, is "just and proper in all the circumstances." *Id.* at 135.

Before applying the analysis described in *Kunze*, however, it first must be determined whether husband's beneficial interest in mother's revocable trust is even "real or personal property" that is subject to the authority of the court to divide in a dissolution. That issue was not addressed in *Kunze*. Nor has it been addressed in any other decision of the appellate courts of this state.

A "revocable trust" refers generally to trusts that are terminable or revocable at the will of the settlor, at any time and for any reason. *See generally* Myron Kove and George Taylor Bogert, *The Law of Trusts and Trustees* § 1061, 236 (3d ed 2008) ("Although the living trust takes effect upon execution, since it is revocable, it may be changed or revoked by the settlor at any time."). Although they certainly have been around for many years, they became especially popular as "will substitutes" beginning in the 1970s and 1980s, largely because they have the same practical effect as wills, but do not entail the costs and delays typically associated with probate administration. *See generally* John H. Langbein, *The Nonprobate Revolution and the Future of the Law of Succession*, 97 Harv L Rev 1108 (1984); Note, *The Trust in*

*Marital Law: Divisibility of a Beneficiary Spouse's Interest on Divorce*, 64 Tex L Rev 1301, 1326 (1986); *see also Restatement (Third) of Trusts* § 25 comment a (2003) ("[T]he revocable trust is widely used as a legally accepted substitute for the will as the central document of an estate plan[.]").

Whether a beneficial interest in such a revocable trust is "real or personal property" within the meaning of ORS 107.105(1)(f) is a question of legislative intent, determined by familiar principles of statutory construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We hasten to emphasize that the issue before us is a narrow one: whether such an interest is "real or personal property" *within the meaning of the statute*, not whether such an interest can be regarded as "property" in an abstract sense, or whether it is conceivable that someone could sell the interest on eBay, or whether it can be regarded as property within the meaning of some other, later-enacted statutes.

The statutory authority of the courts set out in ORS 107.105 dates back to the enactment of the state's no-fault dissolution statute in 1971. Or Laws 1971, ch 280, § 13. The authority of the courts to divide "real or personal property," however, has an even earlier provenance. The dissolution statute enacted as part of the first Oregon Revised Statutes in 1953 authorized the courts to "make such division or other disposition between the parties of the real or personal property * * * as may be just and proper in all the circumstances." ORS 107.100(4) (1953). That statute, in turn, was based on statutes that date back even earlier. *See, e.g.*, Oregon Code Annotated § 6-912 (1930) (providing for disposition of "real estate" by divorce decree).

The Supreme Court, in *Massee and Massee*, 328 Or 195, 970 P2d 1203 (1999), addressed the meaning of the term "property" as it is used in ORS 107.105(1)(f). At issue in that case was whether appreciation of property during a marriage is itself property within the meaning of that statute. *Id.* at 197. Answering the question in the affirmative, the court noted that "[t]he word 'property' means something that is or may be owned or possessed, or the exclusive right to possess, use, enjoy, or dispose of a thing." *Id.* at 206. The court cited as

authority for its definition a dictionary definition of the word. *Id.* (citing *Webster's Third New Int'l Dictionary* 1818 (unabridged ed 1993)).[1]

Unfortunately, neither the definition that the court offered in *Massee* nor the dictionary definition on which the court relied disposes of the matter before us. On one hand, it may be suggested that, in at least a sense, one who holds a beneficial interest in a revocable trust "owns" that interest. On the other hand, because of the absolute revocability of that interest, it cannot be said that one who holds such an interest has "the *exclusive* right to possess, use, enjoy, or dispose" of it. (Emphasis added.) To the contrary, by definition of a "revocable trust," one who holds a beneficial interest in it, to the extent that he or she holds anything, does so subject to the possibility that it may disappear at any time and for any reason.

Fortunately, although resort to dictionary definitions alone does not resolve the matter, the common-law backdrop against which the statute was enacted fairly clearly does. *Weber and Weber*, 337 Or 55, 67, 91 P3d 706 (2004) ("[T]his court presumes that the legislature enacts statutes in light of existing judicial decisions that have a direct bearing upon those statutes."); *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998) ("[W]e also consider, at this first level of analysis, the context of the statutory provision at issue, which includes * * * the preexisting common law and the statutory framework within which the law was enacted.").

The law at the time of enactment of the property division provision of ORS 107.105(1)(f) was well settled to the effect that expectancies (usually referred to as "mere" or "bare" expectancies) do not constitute "property." Indeed, the principle dates back to Blackstone, Coke, and even earlier.

---

[1] The definition on which the court relied provides, in relevant part, that "property" means:

"**a** : something that is or may be owned or possessed : WEALTH, GOODS; *specif* : a piece of real estate * * * **b** : the exclusive right to possess, enjoy, and dispose of a thing : a valuable right or interest primarily a source or element of wealth : OWNERSHIP * * * **c** : something to which a person has legal title : an estate in tangible assets (as lands, goods, money) or intangible rights (as copyrights, patents) in which or to which a person has a right protected by law * * *."

*Webster's* at 1818.

*See generally* John A. Borron, Jr., 1 *The Law of Future Interests* § 393, 420 (3d ed 2002) ("[T]hroughout the later history of English law, including the times of Coke and of Blackstone, a bare expectancy was regarded as nothing what[so]ever.").

Illustrating the point is the Oregon Supreme Court's decision in *Jerman v. Jerman*, 129 Or 402, 275 P 915 (1929). In that case, the husband's grandfather executed a will that left certain real property to the husband's mother and, on her death, to her two sons. *Id.* at 406. When the husband and wife divorced, the wife claimed an interest in the real property that was the subject of the husband's grandfather's will. The trial court agreed and awarded the wife a one-third interest in the property. *Id.* The Supreme Court reversed. The court explained that, at the time of the divorce, it could not be determined whether the husband ever would inherit anything. *Id.* at 408. Under the terms of the will, the court noted, the husband would inherit the property only if he were to outlive both his grandmother and his mother, and, at the time of trial, the husband's mother was still living. *Id.* at 407-08.

In a similar vein is *Hanns v. Hanns*, 246 Or 282, 423 P2d 499 (1967). In that case, a residuary legatee waited until his father died before asserting an interest in property that he contended passed through his father. *Id.* at 293. Other members of the family who contested that claim asserted a defense of laches, based on the fact that the residuary legatee long was aware of their claim to the property at issue. *Id.* at 293-94. The Supreme Court rejected the application of laches, explaining that the residuary legatee had "no legally enforceable interest and clearly could not have obtained either legal or equitable protection of a mere expectancy." *Id.* at 306.

■ Although there is no pre-1971 Oregon case on point, it is fairly well settled that the interest created by a revocable trust is an "expectancy." By definition, it is an interest that is extinguishable at the whim of the settlor. Given the fact that an interest in a revocable trust amounts to a mere (or bare) expectancy, and given further that Oregon law at the time that ORS 107.105(1)(f) was enacted regarded expectancies as something other than "property," it would seem necessarily

to follow that—in the absence of some indication to the contrary in the text, context, or history of the enactment—the legislature likely understood that the statute would not apply to beneficial interests in revocable trusts. We have found no such contrary indication in either the wording of the statute, contemporaneous statutory context, or legislative history.

Wife and the dissent, 227 Or App at 95-96 (Schuman, J., dissenting), insist that there is such a contrary indication in the case law. According to both wife and the dissent, several decisions of this court hold that a *contingent* interest in a trust is "property" within the meaning of ORS 107.105(1)(f), and there is, they argue, no meaningful distinction between a contingent interest in trust assets and a beneficial interest in a revocable trust. At least from the perspective of the beneficiary, they argue, in both cases the interest is held subject to a condition (the stated contingency, on the one hand, and the absolute discretion of the settlor to revoke, on the other) that is beyond the beneficiary's control. 227 Or App at 96 (Schuman, J., dissenting). Wife and the dissent, however, are mistaken in their reliance on those cases.

There are, of course, cases that hold that a contingent interest in a trust is property subject to division in a dissolution case. *Bentson and Bentson*, 61 Or App 282, 284-85, 656 P2d 395, *rev den*, 294 Or 613 (1983) ("Whether vested or contingent, husband's interest in the trust is a marital asset to be considered in the division of marital property."); *von Ofenheim and von Ofenheim*, 40 Or App 865, 870, 596 P2d 1007, *rev den*, 287 Or 477 (1979) (same); *Walker and Walker*, 27 Or App 693, 695, 557 P2d 36 (1976), *rev den* (1977) (same).

The problem is that wife and the dissent fail to recognize a critical distinction between a contingent interest in a trust and a beneficial interest in a revocable trust. In the former case, the settlor has divested himself or herself of an actual interest in the property, subject only to a condition that is beyond the settlor's control. In the latter case, the settlor has divested himself or herself of absolutely nothing, leaving the beneficiary with only an expectancy, not a present property interest. From the beneficiary's perspective, that may seem like a distinction without a difference, as wife

and the dissent assert. But from the settlor's perspective, it is a distinction with a significant difference. And the Oregon Supreme Court has held that it is the settlor's perspective that counts. Indeed, in *Johnson v. Commercial Bank*, 284 Or 675, 588 P2d 1096 (1978), the court distinguished a contingent interest in a trust from a beneficial interest in a revocable trust in precisely those terms.

In *Johnson*, the settlors, Elmer and Ruth White, transferred all of their assets into a revocable trust, with Elmer retaining the right to revoke at any time. *Id.* at 677-78. One of the Whites' creditors, a former employee, brought suit to reach the assets to satisfy her wage claim against them. *Id.* at 679. The trial court held that the assets could not be reached by the creditor because they had been transferred to the trust. *Id.* at 677. The Oregon Supreme Court reversed. The court noted that Elmer had retained the right to revoke the trust at any time. By retaining that right to revoke, the court held, Elmer had retained ownership of all of the trust assets, which as a result were subject to the claims of creditors. *Id.* at 681-82.

Especially noteworthy for our purposes is the fact that the Whites relied on a Connecticut case in which the settlors had conveyed property into a contingent trust. They argued—as do wife and the dissent in this case—that the contingent trust in the Connecticut case was no different from the revocable trust in theirs. The Supreme Court gave the argument short shrift:

> "Defendants cite a case where the settlor gave himself a life estate with remainder to specified persons and did not retain the power to revoke. We agree that creditors could not reach the remainder interests under such facts because such conveyances give the remaindermen present vested interest in the property that cannot be defeated by any act of the settlor. Such remainder interests are present gifts that are no more subject to the claims of creditors than are any other gifts. *In the case at bar, Elmer did not divest himself of the remainder interests; they were subject to complete defeasance at any time during his life if he chose to exercise his right to revoke.*"

*Id.* at 682 (footnotes and citations omitted; emphasis added). As a result, the court concluded, "his interest extended to *the*

*entire trust* and so plaintiff, a creditor, can reach the assets transferred by him." *Id.* (emphasis added). *See also In re Schmitt*, 215 BR 417, 422 (BAP 9th Cir 1997) (citing *Johnson* as holding that, "[u]nder Oregon law, the beneficiary of a revocable trust does not have a property right" and, "because the beneficiaries' interests were subject to complete defeasance at any time during the settlor's lifetime if he chose to exercise the right to revoke, the settlor's interest extended to the entire trust").

The dissent insists that *Johnson* is of no moment, because it did not purport to construe ORS 107.105(1)(f). 227 Or App at 95 (Schuman, J., dissenting). We have not cited *Johnson* as a case that construed ORS 107.105(1)(f), however, as it plainly did not do so. We have cited *Johnson* because the dissent places such heavy reliance on an analogy to judicial treatment of contingent trusts, and *Johnson* explains why the dissent's reliance on the analogy is untenable.

The dissent also complains that we place undue reliance on the case law holding that an interest under a will is not property. 227 Or App at 97 (Schuman, J., dissenting). According to the dissent, an interest under a will is truly a mere expectancy because it does not take effect until the death of the testator, while trusts create present interests. Merely because a trust creates an interest, however, it does not necessarily follow that the interest is "property" within the meaning of ORS 107.105(1)(f). Precisely because of the *nature* of the beneficial interest that is created by a revocable trust, the will cases are directly on point. The rationale that the courts have employed for declaring the interest to be a mere expectancy and not property—the inability to determine whether the devisee will, in fact, ever inherit anything, *see, e.g., Jerman*, 129 Or at 407-08—is directly applicable to the beneficial interest in a revocable trust.

Indeed, it is well recognized that, while there may be a formal distinction between an interest under a will and a beneficial interest under a revocable trust, the practical differences are nonexistent. Langbein, *The Nonprobate Revolution and the Future of the Law of Succession*, 97 Harv L Rev at 1113 ("Only nomenclature distinguishes the remainder

interest created by [a revocable] trust from the mere expectancy arising under a will. Under either the trust or the will, the interest of the beneficiaries is both revocable and ambulatory."). Those practical similarities are precisely why revocable trusts are so commonly employed as will substitutes. As the *Restatement* explains,

> "[i]ssues of formality and procedure aside, however, the availability of nontestamentary methods of making disposition should not mean that substantive policies applicable to testamentary dispositions have no application. Thus, increasingly, statutes and case law in the various states are coming to recognize, as this Restatement provides, that the rights of the spouses and creditors of testators and of settlors of revocable trusts *are fundamentally alike, because both the testator and the settlor have retained their complete control over the property that is subject to the will or trust instrument*. Similarly, whatever the technicalities of concept and terminology, the interests the revocable-trust beneficiaries will receive on the death of the settlor should, generally at least, receive the same treatment and should be subject to the same rules of construction as the 'expectancies' of devisees."

*Restatement (Third) of Trusts* § 25 comment a (2003) (emphasis added).

We note in passing that our conclusion that a beneficial interest in a revocable trust is not "property" subject to division in a dissolution case is consistent with the conclusions of every other court that has addressed the matter, save one. *See, e.g., In re Marriage of Balanson*, 107 P3d 1037 (Colo Ct App 2004), *rev den*, 2005 WL 406503 (Colo 2005); *Rubin v. Rubin*, 204 Conn 224, 527 A2d 1184 (1987); *In re Marriage of Centioli*, 335 Ill App 3d 650, 781 NE2d 611 (App Ct 2002); *Lauricella v. Lauricella*, 409 Mass 211, 565 NE2d 436 (1991); *In re Marriage of Beadle*, 291 Mont 1, 968 P2d 698 (1998). And the one exception, *In re Marriage of Gorman*, 36 P3d 211 (Colo Ct App 2001), was an acknowledged departure from prior law that was promptly overruled by the state legislature. *See generally Balanson*, 107 P3d at 1042-43 (describing changes in Colorado law).

■ Even assuming, for the sake of the argument, that ORS 107.105(1)(f) is ambiguous on the question whether a beneficial interest in a revocable trust is "property" subject to division, the result is the same. We are aware of no legislative history that provides evidence one way or the other about the legislature's intentions. Under the circumstances, we would be obliged to resolve the ambiguity by resort to a relevant canon of construction. One such canon is the rule that, in the case of persistent ambiguity, we assume that the legislature did not intend for us to adopt a construction that would lead to an absurd or unreasonable result. *See, e.g., State v. Bordeaux*, 220 Or App 165, 175, 185 P3d 524 (2008) ("[W]e assume that the legislature did not intend an unreasonable result."). The rule seems applicable to the interpretation of the statute at issue in this case.

If a beneficial interest in a revocable trust is "property" within the meaning of the statute, then we can conceive of no reason why a devisee's interest under a will would not be treated likewise, contrary to current case law. Or a beneficiary's interest in a third party's life insurance policy; the value of an interest in a revocable opportunity to renew season tickets to sporting events; an individual's potential interest, under the laws of intestate succession, in the estate of even remotely related family members; or any of a number of other potential interests in the property of third parties who are otherwise not parties to a dissolution.

Aside from that, there is the matter of valuation. Basic economics suggests that the value of a beneficial interest in a revocable trust or any other expectancy is not the value of the asset itself, but instead the value of the asset multiplied by the *risk* that the settlor will revoke the beneficiary's interest in it. That would require the court to put on the witness stand the settlor or any other owner of property in which the parties to a dissolution case may have a potential interest in order to assess the likelihood that they will or will not change their minds as to their plans for the future disposition of their property.

In short, it is not difficult to imagine the multiple problems that would confront dissolution courts if they were required to assess the nature and value of the parties' potential interests in a wide variety of properties owned by third parties who are not parties to the dissolution itself. It is difficult to imagine that that is what the legislature intended.

We conclude that the trial court was correct in determining that a beneficial interest in a revocable trust is not "real or personal property" within the meaning of ORS 107.105(1)(f). Because of that conclusion, it necessarily follows that the trial court also did not err in failing to receive evidence about the nature and value of husband's beneficial interest in mother's revocable trust.

Wife's remaining contention is that, if husband's interest in mother's revocable trust is not "real or personal property" within the meaning of ORS 107.105(1)(f), it is at least a "circumstance" that may be taken into account in deciding the just and proper distribution of marital property, and, given the circumstances of this case, the trial court should have awarded her a more sizeable equalizing judgment.

■■ In evaluating the trial court's determination about what is a just and proper distribution of marital property, we are instructed not to disturb that decision unless we conclude that the court abused its discretion and misapplied applicable statutory and equitable considerations. *Kunze*, 337 Or at 136. We conclude that, even assuming for the sake of argument that husband's beneficial interest in mother's revocable trust is a circumstance that the court could fairly consider in evaluating a just and proper distribution of marital property, the court did not abuse its discretion on the facts of this case. Particularly given the revocable nature of mother's trust, an equalizing judgment of approximately $30,000 does not amount to an abuse of discretion. Indeed, it could be argued that, precisely because of the inherently speculative nature of husband's interest in the trust, the court should not have awarded that much. But husband has not cross-appealed, and that issue is not before us.

Affirmed.

**SCHUMAN, J.,** dissenting.

This case presents an important issue of first impression: In dividing property in a dissolution of marriage under ORS 107.105(1)(f) (set out below), how should the court treat one party's beneficial interest in a revocable trust? The trial court first decided that, because husband's interest in his mother's revocable trust was "more real than speculative," it could be treated as marital property. On reconsideration, the court decided that it could not be treated as marital property, but that the court could take it into consideration in determining a property division that was "just and proper in all the circumstances." *Id.* On appeal, wife argues that the court should have considered husband's interest to be marital property and allowed evidence of its value and of the likelihood that it would be revoked, while husband, in a cross-assignment of error, argues that the court should not have considered the terms of the trust or even its existence and, consequently, erred in taking it into consideration at all. The majority affirms.

As a result, wife emerges from this dissolution of the marriage (during which she enjoyed, according to the trial court, a "reasonably good standard of living") with a maximum income from employment of less than $13,000 per year, no housing, and nothing to show for her contributions of money and labor to the home in which she and husband lived for 23 years, while husband will have rent- or mortgage-free housing, a larger income, and, in all probability, a soon-to-be-realized half interest in two parcels of Willamette Valley farm property. I dissent.

ORS 107.105(1)(f) governs the division of a couple's property when their marriage is dissolved. Under that statute, the court has authority to provide

> "[f]or the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. * * * There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

In *Kunze and Kunze*, 337 Or 122, 133, 92 P3d 100 (2004), the Supreme Court held that that provision authorizes the court to dispose of "any real or personal property that either or both of the parties hold at the time of dissolution, including property that the parties had brought into the marriage." That quantum of property, designated "marital property," contains a subcategory of property called "marital assets," or "property that either or both of the parties have acquired during the marriage." *Id.* To reach an overall "just and proper" distribution, the court preliminarily divides the marital property that is not marital assets according to what is "just and proper in all the circumstances," and then divides the marital assets under the same standard, albeit with the rebuttable presumption that a just and proper division of marital assets is an equal division. *Id.* at 133-34. After that preliminary distribution, however,

> "ORS 107.105(1)(f) next requires that the court consider what division of all the marital property—that is, both the marital assets and any other property that the parties had brought into the marriage—is 'just and proper in all the circumstances.' By contrast to the focus upon the parties' respective contributions under the statutory presumption, the court's final inquiry as to the 'just and proper' division concerns the equity of the property division in view of all the circumstances of the parties."

*Kunze*, 337 Or at 135.

As related above, the trial court ultimately ruled that husband's interest was not "property" subject to division under ORS 107.105(1)(f). The court based its conclusion on "the case law regarding revocable trusts." That case law is from other states; neither party cites an Oregon case that directly addresses the issue, and we have found none.[1]

---

[1] In *Coote and Coote*, 112 Or App 342, 345-47, 831 P2d 32 (1992), this court held that the corpus of a revocable trust created by the husband was a marital asset subject to division under ORS 107.105(1)(f), but it is unclear whether the husband was the trustee, the beneficiary, or both. In any event, the only issue at trial and on appeal regarding the trust was whether the husband had overcome the presumption of equal contribution with respect to the trust corpus. The question presented in this case was not litigated. The trial court in *Roger and Roger*, 175 Or App 540, 542, 28 P3d 1264 (2001), divided the husband's interest in a revocable trust. On appeal, we did not decide whether the husband's interest was marital property, because we concluded that there was no evidence that the trust existed. *Id.* at 546.

It is true that, with one exception, the cases from other states hold that a beneficiary's interest in a revocable trust cannot be divided on dissolution. *See, e.g., In re Marriage of Balanson*, 107 P3d 1037 (Colo Ct App 2004), *rev den*, 2005 WL 406503 (Colo 2005); *Rubin v. Rubin*, 204 Conn 224, 527 A2d 1184 (1987); *In re Marriage of Centioli*, 335 Ill App 3d 650, 781 NE2d 611 (App Ct 2002); *Lauricella v. Lauricella*, 409 Mass 211, 565 NE2d 436 (1991); *In re Marriage of Beadle*, 291 Mont 1, 968 P2d 698 (1998). The one exception, *In re Marriage of Gorman*, 36 P3d 211 (Colo Ct App 2001), was subsequently overruled by statute. Typically, the courts adopt the rationale suggested by the *Restatement (Third) of Trusts* § 25 comment a (2003) that "the interests the revocable-trust beneficiaries will receive on the death of the settlor should, generally at least, receive the same treatment and should be subject to the same rules of construction as the 'expectancies' of devisees." Husband urges us to adopt that rationale as well.

He relies on two arguments. First, like testators, settlors of revocable trusts retain complete control over the ultimate disposition of the property, thereby rendering the beneficiary's interest speculative and difficult to quantify. Second, treating a beneficial interest as property for purposes of ORS 107.105(1)(f) would complicate dissolution proceedings by subjecting any nonparty who might have created a revocable beneficial interest—be it in a trust, a retirement plan, a will, or an insurance policy—to "probing discovery of their financial affairs and health."

Those are strong arguments and I do not reject them lightly—but I do reject them. The cases from other states depend for the most part on each state's statutes and precedent. *E.g., Rubin*, 204 Conn at 230-31, 527 A2d at 1187-88. Many cases resolve the issue by declaring that the interest is an expectancy (generally preceded by the adjective "mere" or "bare"), without explaining why that label is anything more than the conclusory announcement of an outcome—that is, without explaining why the fact that an interest is future, speculative, and difficult to evaluate should logically mean that it cannot be divided upon the dissolution of a marriage, when so many other things that are speculative and difficult

to evaluate (pensions, for example) can be. *E.g., In re Marriage of Centioli*, 335 Ill App 3d at 656, 781 NE2d at 616.

Our focus, of course, must be on Oregon law, in particular on ORS 107.105(1)(f) and the Oregon cases that construe it. "Property," as that term is used in ORS 107.105(1)(f), means "something that is or may be owned or possessed, or the exclusive right to possess, use, enjoy, or dispose of a thing." *Massee and Massee*, 328 Or 195, 206, 970 P2d 1203 (1999) (citing *Webster's Third New Int'l Dictionary* 1818 (unabridged ed 1993)).[2] Husband "own[s] or possesse[s]" an equitable interest in the trust property; a trust conveys legal title to the trustee and equitable ownership to the beneficiary. *Windle, Adm'x et al. v. Flinn et al.*, 196 Or 654, 675, 251 P2d 136 (1952); *Brown v. Brown*, 206 Or App 239, 249, 136 P3d 745, *rev den*, 341 Or 449 (2006). Husband cites no authority, nor have I found any, for the proposition that a revocable equitable ownership interest, because it is future, contingent, and difficult to value, is, by virtue of those traits, not an ownership interest at all. Indeed, it is black letter law that a "beneficiary's equitable interest under the trust may be for a definite period or during a named life, or an absolute interest; it may be contingent or vested, subject to a condition precedent or subsequent, determinable, possessory or non-possessory." George T. Bogert, *Trusts* § 38, 137 (6th ed 1987). Further, husband has the exclusive right to sell his interest, should there be a willing buyer. Nor does the fact that husband's interest is presently intangible mean that it is not "real or personal property" under ORS 107.105(1)(f); in *Massee*, for example, the Supreme Court held that appreciation of assets is "property" under that statute. 328 Or at 206. In a related context, the interest retained by the vendor of real property under a land sale contract—that is, the right to receive payment in the future—is itself real or personal property.

---

[2] Under Oregon's trust law, " '[p]roperty' means anything that may be the subject of ownership, whether real or personal, legal or equitable, or any interest therein." ORS 130.010(13). That definition applies to all trusts "created before, on or after January 1, 2006," but it does not apply "to judicial, administrative and other proceedings concerning trusts commenced before January 1, 2006." ORS 130.910. The trust in this case was created before January 1, 2006, but the judicial proceeding also commenced before that date. It is therefore unclear whether the definition applies here. In any event, I mention it only as an indication of the general understanding of the term in its context.

*Bedortha v. Sunridge Land Co., Inc.*, 312 Or 307, 312-13, 822 P2d 694 (1991).[3]

 *Johnson v. Commercial Bank*, 284 Or 675, 588 P2d 1096 (1978), is not to the contrary. In that case, the court held that a creditor with a claim against the trustor of a revocable trust could reach the trust assets, because, under a then-existing statute,[4] the transfer of the trustor's assets to the trust "was *void* as against his existing or subsequent creditors." *Id.* at 683 (emphasis in original). *Johnson* is not relevant to the issue in this case. It did not involve an interpretation of ORS 107.105(1)(f); whether a creditor can reach assets held by the settlor of a revocable trust tells us nothing about whether the beneficiary of that trust has a property interest for purposes of dividing property at dissolution. The fact that the settlor's interest in that case "extended to the entire trust" for purposes of creditors, *Johnson*, 284 Or at 682, does not mean that that interest ousts other interests in the same property, any more than a life estate in property ousts the future interest of a remainderman.

 Significantly, Oregon cases establish that an unvested but *contingent* interest in a trust is marital property and not, therefore, a "mere" expectancy—if, by expectancy, we mean something that is speculative, difficult to value, and therefore nonproperty. In *Walker and Walker*, 27 Or App 693, 695, 557 P2d 36 (1976), *rev den* (1977), the husband was the beneficiary of a trust, the corpus of which he would receive only if he was living when his youngest sibling reached the age of 21; his wife was the beneficiary of several trusts, one of which would be distributed only at the discretion of the trustee. The court held that all of the trusts—

---

 [3] In *Panushka v. Panushka*, 221 Or 145, 149-50, 349 P2d 450 (1960), the court held that, once a land sale contract is executed, the "interest conferred by the contract upon the vendor is 'personal property,' *i.e.*, ownership of the right to receive the purchase money." That holding was modified by *Bedortha v. Sunridge Land Co.*, where the court noted that the distinction between real and personal property in the context of decedent's estates had been abolished by ORS 111.005(28). 312 Or 307, 313, 313 n 3, 822 P2d 694 (1991).

 [4] *Former* ORS 95.060 (1977), *repealed by* Or Laws 1985, ch 664, § 16, provided:

 "All deeds of gift, all conveyances and all verbal or written transfers or assignments of goods, chattels or things in action made in trust for the person making the same, are void as against the creditors, existing or subsequent, of such person."

including the ones that could be extinguished at the whim of the trustee—were "valuable, alienable property" that "should properly be considered by the court when making an equitable distribution of the parties' assets." *Id.* at 696; *Bentson and Bentson,* 61 Or App 282, 284-85, 656 P2d 395, *rev den,* 294 Or 613 (1983) ("Whether vested or contingent, husband's interest in the trust is a marital asset to be considered in the division of marital property."); *accord von Ofenheim and von Ofenheim,* 40 Or App 865, 869-71, 596 P2d 1007, *rev den,* 287 Or 477 (1979) (affirming division of the husband's contingent interest in trust at dissolution). The difference between a contingent trust and a revocable trust is that, in the latter, the beneficiary's interest depends at least partly on the will or whim of the settlor, whereas in the former, the interest depends at least partly on factors beyond the settlor's control—"at least partly," because some revocable trusts, such as the one in the present case, depend on the settlor's nonrevocation *and* on the beneficiary's outliving the settlor, and some contingent trusts can be defeated by actions or decisions of the settlor short of revocation.

I do not understand why a trust under which the beneficiary's interest is speculative because the settlor might change her mind should differ, for purposes of determining the beneficiary's spouse's claim on that interest, from a trust under which the beneficiary's interest is speculative for some other reason, including that the trustee might change his or her mind, as was the case in *Walker,* 27 Or App at 695. In other words, a revocable trust differs from a contingent trust in degree but not in kind; in both, the significant factor for purposes of a just and proper division of property at dissolution is the degree to which the beneficiary's interest is real as opposed to speculative. Put yet another way: A revocable trust is a type of contingent trust because nonrevocation is a type of contingency, and, for purposes of determining a just and proper division of property, the crucial factor is not where the contingency originates, but how much speculation it entails.

Further, I do not understand how the practical difficulties that, according to husband and the majority, necessarily flow from regarding a beneficial interest in a revocable trust as property differ significantly from the difficulties

inherent in treating contingent trusts as property. In both cases, the speculative nature of the beneficiary's interest renders that interest difficult to evaluate. That difficulty can be addressed by, for example, fashioning a judgment such as the one in the trial court's original letter opinion, in which wife was awarded a non-interest-bearing judgment for one half of the value of husband's portion of the trust, valued as of the date of dissolution but payable only if and when distributed to husband. It could also be addressed by legislation. As for the problem of subjecting nonparties to intrusive questioning about their finances, health, or other matters, I note, first, that similar inquiries are required in distributing contingent trusts, and, second, that the trial court can exercise control over the proceedings so as to limit unnecessary or overly intrusive questioning.

Nor am I persuaded by the argument that treating husband's interest as marital property necessarily implies that an heir apparent's "interest" in a will is also marital property. Although revocable trusts are now common will substitutes, the two things are not the same. Because a trust effects the transfer of legal title to the trustee and equitable title to the beneficiary, "[t]he difference between a will and a trust is that a will operates only from the moment of death, while a trust operates *in praesenti*, to a certain extent." *Allen v. Hendrick*, 104 Or 202, 225, 206 P 733 (1922). Thus, a will creates a "bare expectancy" because it conveys nothing until the death of the testator. Trusts—even trusts that may not ever vest—convey an equitable interest that can be considered marital property. *Bentson*, 61 Or App at 284-85; *von Ofenheim*, 40 Or App at 870; *Walker*, 27 Or App at 696.

In sum, I conclude that, in some circumstances, a beneficiary's interest in a revocable trust may be considered marital property under ORS 107.105(1)(f). For that reason, I also conclude that the court erred.

On *de novo* review, this court has the discretion to modify a trial court's division of property in a dissolution judgment. *Gardner and Gardner*, 212 Or App 148, 157, 157 P3d 320 (2007). We exercise that discretion, however, with "a healthy respect for the wisdom of our modern chancellors in the trial courts who see the people, decide the cases and

develop a feel for the best solution in what are often difficult circumstances." *Haguewood and Haguewood,* 292 Or 197, 202, 638 P2d 1135 (1981). In the present case, the trial court's judgment was based on its conclusion that husband's beneficial interest in mother's trust was "not subject to division as a marital asset"—a conclusion that the court reached reluctantly and, as I believe, erroneously. In its first letter opinion, however, the trial court divided the parties' property under the understanding, which I believe was correct, that husband's interest in the trust was divisible property. I would therefore exercise our discretion to modify the judgment, but by adopting, with slight modification, the judgment that the trial court would have entered had it denied the parties' motions for reconsideration after the first letter opinion.

In that letter, the trial court found as fact that husband's interest in the trust was "more real than speculative." Based on mother's age and her evident affection for wife, I agree. Further, I would conclude that the court's proposed remedy—awarding wife one half of husband's interest in the trust, evaluated by a neutral appraiser as of the date of dissolution, payable when and if the trust corpus was distributed—obviated the need to gauge the chances of revocation or to take further evidence of value. The court also determined that the future contingent division was just and proper "however [husband's interest] may be defined." I understand that statement to reflect the court's decision that, if the interest was a marital asset, husband did not overcome the presumption of equal contribution, and, if his interest was marital property, a just and proper division was an equal split, so that, in either case, an equal split was just and proper. *See Kunze,* 337 Or at 133-34. Again, I agree. And I also agree with the court's division of personal property and its original equalizing judgment, that is, the equalizing judgment that did not take into consideration the inequity that would result from considering husband's interest in the trust to be nondivisible. In short, I conclude that, had the court reduced its original letter opinion to a judgment, it would not have "misapplied the statutory and equitable considerations that ORS 107.105(1)(f) requires." *Kunze,* 337 Or at 136.