Maximilian Moss, S.
On all the proof adduced before the learned Eeferee the claim for legal service rendered to testator by William Otis Badger (now deceased) is allowed. By letter dated February 10,1950 testator wrote to William Otis Badger, his attorney at law, as follows: “ I hope you know how much I appreciate all the trouble and brain work you have expended in my behalf. O.K. when I die I am legally entitled to will the net proceeds of the D. F. Manning Trust. If we, or I should say you, are unsuccessful in winning, in the above matter I pledge my word that I will alter my will so that you or your heirs or assigns forever shall and will inherit $10,000. I *1079 sincerely regret that I cannot pay you cash on the line. Cordially William A. Manning. ’ ’
The ‘ ‘ trouble and brain work ’ ’ referred to by testator were legal services which Badger had rendered since February, 1948 and thereafter was to render for his benefit in the estate of his father, David F. Manning, deceased.
The proof establishes that Badger fulfilled his part of the agreement; that in furtherance of testator’s objective he rendered valuable services in this court, in the Appellate Division, Second Department and in the Court of Appeals which ended with testator’s death on September 9, 1953 (cf. Matter of Scanlon, 2 Misc 2d 65). Testator failed to bequeath $10,000 he had promised to Badger and the executor rejected the claim, although Badger substantially performed all the services which could have been required of him under the circumstances. After taking into consideration 'the terms of the letter written by testator, dated February 10,1950, the court finds that the estate of William Otis Badger, deceased, is entitled to recover $10,000, less the sum of $300 referred to in stenographer’s minutes, pages 45-46.
The objectant asks to be reimbursed in the sum of $150 which she paid to a handwriting expert to prove the genuineness of testator’s letter. The corporate executor’s answer to objectant’s demand, pursuant to section 322 of the Civil Practice Act, was reasonable. The executor could not have had knowledge of the genuineness of the letter purported to have been mailed from Louisiana to his attorney in New York. Any information concerning its genuineness could only be based on an opinion of an expert. The burden to prove the genuineness of the letter, however, was on the objectant, and section 322 of the Civil Practice Act was not designed to shift that burden to the executor (Matter of Merritt, 187 Misc. 869, 872).
The Referee’s report is modified and the respective motions are determined in conformity with this decision. Settle order on notice.