Argued October 26, affirmed as modified, costs to neither party
December 13, 1976, reconsideration denied January 12,
petition for review denied January 25, 1977

In the Matter of the Marriage of
WALKER, *Appellant,*
*and*
WALKER, *Respondent.*
(No. 21,733, CA 6424)

557 P2d 36

*William H. Morrison,* Portland, argued the cause for appellant. With him on the brief was Morrison, Dunn, Cohen, Miller & Carney, Portland.

*DeMar L. Batchelor,* Hillsboro, argued the cause for

[ 693 ]

respondent. With him on the brief was Schwenn, Bradley, Batchelor & Bailey, Hillsboro.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

In this appeal from the property disposition portion of a marriage dissolution decree, the wife contends that the trial court erred in finding that the husband's interest in a family trust is not a part of the marital assets and that, consequently, the court's division of the parties' property was inequitable.

At the time of the decree, both parties were 31 years old and in good health. Both were college educated and employed. Throughout most of the nine-year marriage they had each pursued their own professional careers: the wife as a teacher, the husband as a businessman. They have no children.

The husband is one of three beneficiaries of a substantial trust established by his grandfather. The trust instrument provides that it shall continue until the youngest beneficiary is 21 years old, which is expected to occur in April, 1977. The trust corpus is then to be distributed to the surviving beneficiaries and to the children of a deceased beneficiary. Thus the husband may expect to receive one-third of the trust assets if he survives until that time.

The wife is also the beneficiary of three family trusts. She is to receive the assets of the largest of the three when she is 35 years old. The corpus of another may be distributed at the discretion of the trustee and the corpus of the third became due during the marriage.

Both parties have received income distribution payments from their respective trust funds and these payments contributed substantially to the standard of living enjoyed during the marriage. The husband also received a secured loan from the trust corpus which was used to purchase the couple's home. The value of the husband's interest in the corpus of his family's trust exceeds $500,000. The wife's interest in the assets of her family's trusts has a value of approximately $47,000.

The trial court held that neither the husband's trust nor the two trusts of the wife which were not subject to immediate distribution had vested and therefore they should not be considered a part of the marital assets. The wife's trust which was subject to immediate distribution was included with the marital assets and was awarded to the wife as a part of her share of the parties' property.

■ Regardless of whether the parties' various trust interests are vested or contingent, they are valuable, alienable property. *Cf. Love v. Lindstedt,* 76 Or 66, 147 P 935 (1915). Thus, they should properly be considered by the court when making an equitable distribution of the parties' assets, ORS 107.105(1)(e), and the trial court erred in considering only that trust interest which it found to be presently vested. We therefore consider all of the parties' trust interests on de novo review.

■■ It has been consistently recognized that the source of a marital asset is a relevant, although not determinative, consideration in the calculus of a property division. *Morgan v. Morgan,* 13 Or App 14, 507 P2d 409, *rev den* (1973); *Ray v. Ray,* 11 Or App 246, 502 P2d 397 (1972). Because there are no children to be provided for, because each spouse continues to be able to earn a living at his or her profession, and because there are no unusual problems for which solutions must be found, it is reasonable to permit the parties to retain their respective trust benefits. The benefits received from family trusts during the marriage were shared. Now that the marriage is terminated, and in the absence of any special problems, no valid purpose would be served by rearranging the future financial benefits conferred upon the parties by their respective families. Accordingly, the decree is modified to award the parties their own trust benefits.

The decree provided for an even division of the remaining marital assets. Because the property awarded to the husband had a greater value than that

awarded to the wife, he was ordered to make a cash payment to her of $26,204. This payment made the net value of property awarded to each spouse approximately $68,000. The trial court's distribution of the non-trust assets was appropriate. However, the wife's share included the one of her three trust funds which had recently vested, having a value of $12,000. Consequently, the husband's share of the non-trust assets was $12,000 greater than the wife's. Since we are segregating for each party the benefits of their respective trusts which have not melded into the marital estate, it is appropriate to modify the decree to provide that the husband will pay an additional $6,000 to the wife, making the total cash payment $32,704, thus removing the wife's trust from the equal division of the non-trust property.

Affirmed as modified. Costs to neither party.