Argued and submitted April 26, affirmed September 29,
reconsideration denied November 18, 1982,
petition for review denied January 18, 1983 (294 Or 460)

In the Matter of the Marriage of

## ELLINWOOD,
*Respondent,*
*and*
## ELLINWOOD,
*Appellant.*

(D16-331, CA A22398)

651 P2d 190

Jack L. Kennedy, Portland, argued the cause for appellant. With him on the brief was Kennedy, King & McClurg, Portland.

Robert P. Bell, Beaverton, argued the cause for respondent. With him on the brief was Myatt, Bell & Alexander, Beaverton.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Husband appeals a supplemental decree of dissolution, contending that the trial court erred in failing to cancel a contract between the parties in which he agreed to make a will leaving his property to wife. We review *de novo.* ORS 19.125(3).

The parties were married in 1968. The marriage was the second for husband and the third for wife. Before the marriage, the parties entered into a prenuptial agreement that provided that any property acquired by either of them before the marriage would remain as part of his or her individual estate. They intended at that time to preserve their individual property for their respective children of earlier marriages. Five years later, wife persuaded husband to tear up that agreement. The trial court found that the agreement had been revoked. Husband has not appealed that finding.

In November, 1978, husband left wife, and in January, 1979, she filed a dissolution suit. Husband then expressed a desire to reconcile. Wife agreed to dismiss the dissolution proceeding if husband would sign a reconciliation agreement. The agreement, prepared by wife's attorney, states that wife is willing to dismiss her suit for dissolution and to reconcile the marriage and in good faith attempt to continue the marriage relationship, in consideration for husband's agreement to make and maintain a will leaving all his property to her if she should survive him. Wife's attorney also prepared a will, which husband signed with the proper formalities, that conforms to this agreement and provides that it is to remain in effect in all subsequent events and is not to be affected by ORS 112.315.[1] Pursuant to the reconciliation agreement, wife dismissed her suit and resumed living with husband. The reconciliation was unsuccessful, and on February 28, 1980, wife filed a second proceeding for dissolution.

---

[1] ORS 112.315 provides:

"Unless a will evidences a different intent of the testator, the divorce or annulment of the marriage of the testator after the execution of the will revokes all provisions in the will in favor of the former spouse of the testator and any provision therein naming the former spouse as executor, and the effect of the will is the same as though the former spouse did not survive the testator."

The trial court divided the parties' assets and awarded wife permanent spousal support. In a supplemental decree, the trial court refused to cancel the reconciliation agreement obligating husband to will his property to wife. Husband urges that this court use its equitable powers to cancel the agreement in order that the assets of the parties would be divided in a just and proper manner. ORS 107.105(1)(e).

■ ■ An agreement promoting reconciliation is favored by the law and is not illegal. *See* ORS 107.590; *see also Schwab v. Schwab,* 168 Cal App 2d 20, 335 P2d 174 (1959); *First Nat'l Bank of Atlanta v. DeLoach,* 87 Ga App 639, 74 SE2d 740 (1953). Sufficient consideration for the promise of one spouse to will an estate exists in the forbearance of the other spouse to pursue a dissolution suit, *see Liberty Nat. Bank & Trust Co. v. Diamond,* 227 Ga 200, 179 SE2d 761 (1971); *First Nat'l Bank of Atlanta v. DeLoach, supra,* even if a divorce is later sought and obtained. *See In re Estate of Goff,* 191 Kan 17, 379 P2d 225 (1963).

■ Husband contends that, because wife attempted the reconciliation for only one year, enforcement of the contract will result in a windfall to her. The fairness of a contract to make a will is usually to be determined as of its date, and the happening of subsequent events within the reasonable contemplation of the parties does not afford a defense. *First Nat'l Bank Trust Co. v. Falligant,* 208 Ga 479, 67 SE2d 473 (1951). The agreement required only that wife "reconcile the marriage and in good faith *attempt* to continue the marriage relationship." (Emphasis supplied.) Husband conceded that the marriage had been "stormy" throughout its duration, and the potential for a future breakdown was present at the time of the reconciliation.

■ ■ A contract to make a will is governed by the same principles that apply to contracts in general. *Florey et al v. Meeker et al,* 194 Or 257, 280, 240 P2d 1177 (1952). Where parties are competent to contract with each other, in the absence of fraud, undue influence, duress or mistake in making the agreement, neither party can be relieved of an agreement because he did not use good business judgment or because the contract had not been as profitable as expected. *Lea v. Blokland et al,* 122 Or 230, 257 P 801 (1927).

■ ■ Husband does not attack the initial execution of the contract. He contends only that wife did not keep her promise to reconcile. We conclude that the filing of a second petition for dissolution one year later does not constitute a breach of contract. Wife was obliged only to make a good faith attempt at reconciliation. Husband cites no evidence, other than the second filing, to dispute the trial court's finding that wife had acted in good faith. On *de novo* review we give weight to the trial court's finding of fact where observation of witnesses, such as on credibility questions, is important. *Slauson and Slauson,* 29 Or App 177, 182, 562 P2d 604 (1977). We find no ground to cancel the contract.

■■■■ Husband next argues that, if the contract is upheld, the trial court erred in failing to take the contract into consideration when awarding wife a share of the parties' assets and permanent spousal support. While it is not clear from the record whether the trial court considered this contract in its decision, we find no error in failing to assign a value to wife's interest under the contract because the trial court had available to it no reliable basis for calculating the present value of the contract. Wife's future interest in husband's property is contingent. Although contingent rights may be considered in the dissolution calculus, *Walker and Walker,* 27 Or App 693, 557 P2d 36 (1976), *rev den* (1977), the contingency of wife surviving husband is not the only relevant factor in calculating value. Wife's rights under the contract will not mature until husband's death. Before wife's interest would have any value, husband must die with assets exceeding his debts. Furthermore, the agreement did not refer to specific property to be devised or bequeathed, nor did it contain any express restrictions on the ability of husband to dispose of assets prior to his death. The majority of jurisdictions do not specifically enforce such contracts during the testator's life in the absence of specific devises or bequests or restrictions on the promisor's power to dispose of assets. *See Tompkins v. Hoge,* 114 Cal App 2d 257, 250 P2d 174 (1952); *Zachos v. Zachos,* 214 Ga 629, 106 SE2d 775 (1959); *Clark v. Clark,* 288 NW2d 1 (Minn 1979); *Jesse v. O'Neal,* 364 Mo 333, 261 SW2d 88 (1953); *see also* Annot., 7 ALR2d 1166 (1949), 7-12 ALR2d Later Case Service 86 (1971), (Supp 16 1982). Generally, the measure of damages at law for breach of a

contract to will property is the value of the property to be bequeathed or devised. *See McBain v. Pratt,* 514 P2d 823 (Alaska 1973); *O'Brien v. O'Brien,* 197 Cal 577, 241 P 861 (1925); *Hehr's Adm'r v. Hehr,* 288 Ky 580, 157 SW2d 111 (1941); *In re Manning's Will,* 14 Misc 2d 1078, 181 NYS2d 726 (1958); *see also* Annot., 65 ALR3d 632 (1975). Because the property to pass to wife cannot be determined, if ever, until husband's death, her measure of damages at law also cannot be ascertained until that time.

We conclude that the value of wife's expectancy under the contract to name her as beneficiary of her husband's estate is so uncertain as to justify its exclusion in the division of marital property and determination of spousal support.

Affirmed.