Argued and submitted October 26, reversed and remanded December 21, 1988, reconsideration denied February 10, petition for review denied March 7, 1989 (307 Or 514)

SHEA et al,
*Appellants,*

*v.*

BEGLEY,
*Respondent.*

(16-86-00788; CA A47263)

766 P2d 418

Mildred J. Carmack, Portland, argued the cause for appellants. With her on the briefs were Kevin F. Kerstiens, and Schwabe, Williamson & Wyatt, Portland.

Jerry C. Goodman, Eugene, argued the cause for respondent. With him on the brief was Sahlstrom & Dugdale, Eugene.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

This is an action on a contract. Plaintiffs appeal a judgment for defendant, claiming that the trial court erred as a matter of law when it held that the contract lacked consideration and was too vague to be enforced. We agree and reverse.

Defendant was married to plaintiffs' mother, Helen Begley. He had four children by a previous marriage and Helen had three, the plaintiffs here. Defendant and Helen purchased a business in 1975, to which defendant contributed $15,000 and Helen contributed $40,000. In 1977, they executed a joint and mutual will.[1] The will provided that $40,000 be paid to Helen if she were to survive defendant but if

---

[1] The will provides, in pertinent part:

"IV

"We have arrived at a common plan for the purpose of disposing of all of our property, both real and personal, whether owned jointly or severally, as set forth in this our Joint Will. In accordance therewith we mutually promise and agree, during our joint lives, not to amend, change, revoke or in any way modify this Will, in whole or in part, except pursuant to agreement in writing executed by both of us. Upon the death of either of us, the survivor similarly agrees not to amend, change, revoke or in any way modify this Will in whole or in part. The filing of a suit for, or actual dissolution of our marriage shall revoke this Will.

"V

"We presently own Del's Sporting Goods in Oakridge, Oregon, for which HELEN JUANITA BEGLEY contributed $40,000.00 of her separate funds toward it's [sic] purchase, which business is now owned jointly between us. If HELEN JUANITA BEGLEY is the survivor of us her original $40,000.00 investment shall be returned to her, and the remaining value of the business shall be the property of HELEN JUANITA BEGLEY.

"If DELBERT BEGLEY is the survivor of us the sum of $40,000.00 shall be paid to the children of HELEN JUANITA BEGLEY in equal shares or to the survivors thereof. The remaining value of the business, less the $40,000.00, shall be the property of DELBERT BEGLEY.

"The $40,000.00 due the children of HELEN JUANITA BEGLEY, if she dies first, shall be paid to her children, or the survivors, in one lump sum on the 5th anniversary of her death together with interest at 6%, which interest shall be paid annually on the anniversary date each year of her death, which indebtedness shall be adequately secured.

"VI

"Upon the death of either of us, this Will shall be probated as the Will of such deceased person and on the death of either of us the rest, residue and remainder of our estate, whether real, personal or mixed, shall pass to, and we hereby devise the same to the survivor of us. Such survivor shall have the right to use, sell, transfer or otherwise dispose of any and all of the properties so passing to him or her, and to use, spend, invest, and re-invest the proceeds thereof as the survivor in his or her absolute discretion shall deem best."

Helen were to predecease him the $40,000 was to be paid to her children five years after her death, with interest at 6 percent to be paid annually. In 1979 the couple sold their business for $75,000. Helen died in 1980.

Defendant did not submit the will to probate, and the entire estate passed to him by operation of law. For the next four years, defendant made the annual interest payments to Helen's children but, in the fifth year, he failed to pay the $40,000 principal and interest. Plaintiffs sued him for breach of contract.

Defendant asserted a counterclaim and six affirmative defenses. The trial court held for defendant on two of the affirmative defenses: lack of consideration and vagueness. The trial court held for plaintiffs on defendant's counterclaim.

■ The contract in this case happens to be in a will, but it is governed by the law of contracts, not the law of wills. In the absence of fraud, undue influence, duress, or mistake in making the agreement, if the parties are competent to contract, neither party can be relieved of an agreement because he or she did not use good business judgment. *Ellinwood and Ellinwood,* 59 Or App 536, 651 P2d 190 (1982), *rev den* 294 Or 460 (1983).[2]

Plaintiffs' first assignment of error is the trial court's finding that the contract lacked consideration because the $40,000 payment provision was based on past consideration. Defendant claims that the provision was included in the will, because he did not want to be perceived as having married Helen for her money. He argues that the promise to pay $40,000 was not concurrently bargained for and was gratuitous and unenforceable. Although defendant's motivation to make the promise may have been a past contribution of funds by his wife, it does not follow that there was no present consideration for the promise. The will contains numerous promises between defendant and Helen. They provided for the disposition of all of their property, and both promised that

---

[2] The provisions in the will that are in dispute provide for what was potentially, and in fact turned out to be, an obligation of the survivor to make an *inter vivos* transfer. In this way, this case differs from Oregon cases construing contracts in wills for testamentary transfers by the survivor. *See generally, Irwin v. First National Bank,* 212 Or 534, 321 P2d 299 (1958); *Ricks v. Brown,* 15 Or App 160, 515 P2d 206 (1973). Nonetheless, the case is controlled by the law of contracts.

neither would modify or revoke the will during their lives or after the death of one.

■■  An exchange of promises is consideration that will support a contract, *Irwin v. First National Bank*, 212 Or 534, 321 P2d 299 (1958); *Kornbrodt v. Equitable Trust Co.*, 137 Or 386, 2 P2d 236 (1931), and promises that are for the benefit of third parties may be sufficient. *Northwest Airlines v. Crosetti Brothers*, 258 Or 340, 483 P2d 70 (1971). Mutual promises not to alter, amend or revoke a joint will can support a binding and enforceable contract. *Schaad v. Lorenz*, 69 Or App 16, 20-21, 688 P2d 1342, *rev den* 298 Or 37 (1984).

■  Defendant's reading of the will isolates the payment provision from the rest of the promises in the will. The contract and the will must be considered as a whole. The promise to pay the $40,000 is interrelated with all of the promises. *See In re Strome's Estate*, 214 Or 158, 164, 327 P2d 414 (1958); *Deerfield Commodities v. Nerco, Inc.*, 72 Or App 305, 319, 696 P2d 1096 (1985). The contract was supported by consideration.

■■  Plaintiffs also assign as error the trial court's holding that the contract was impermissibly vague and ambiguous. Defendant argues that it is ambiguous whether the $40,000 was to be paid from Helen's estate or by defendant. It is clear from the will that if defendant were to predecease Helen, the money would be paid out of his estate. The will does not directly state where the money would come from if Helen were to die first, but that does not make the will "ambiguous." The will is clear that the beneficiary of the payment was to be Helen or, alternatively, her children. It was defendant's wish that this provision be included, because he thought "it was only fair."[3] In light of the fact that Helen was the primary intended beneficiary of the contract, it would be nonsensical to require payment of the sum out of her estate.

■  Defendant also argues that the provision requiring

---

[3] Defendant testified that he did not understand the disputed provisions when he signed the will. Ignorance of the law is not a basis for not enforcing a contract. *Farnsworth v. Feller*, 256 Or 56, 62, 471 P2d 792 (1970). After Helen died, defendant read the will and thought the provision meant that he was to make the payments. His conduct and practical interpretation of the agreement are strong evidence of its meaning and of his understanding of its meaning, if there were an ambiguity. *Aspgren v. City of Columbia City*, 34 Or App 991, 1000, 581 P2d 536 (1978).

the payment contradicts the provision giving the survivor the right to do as he or she would with the residue of the estate and, therefore, creates an ambiguity. The will's general residue provision cannot be construed to invalidate the specific contract for the payment. *Deerfield Commodities v. Nerco Inc., supra,* 72 Or App at 319. Because the payment provision controls, there is no ambiguity.

Reversed and remanded.