DEHOOG, P.J.
*41 Defendants, a corporation and its employees, appeal from the trial court's order denying their motion to compel arbitration of plaintiff's claims and stay judicial proceedings. For the reasons that follow, we conclude that the court erred, reverse, and remand for the trial court to consider defendants' motion under the proper framework.
Plaintiff worked for defendants as an insurance sales agent. The parties dispute whether plaintiff was an employee or an independent contractor, but, as we explain below, that question is immaterial to the present appeal. After defendants terminated their relationship with plaintiff, he filed this action in the circuit court, alleging employment discrimination, retaliation, breach of contract, and other related claims.
Defendants responded by filing a motion to compel arbitration of plaintiff's claims pursuant to the Federal Arbitration Act (FAA)[1] and, alternatively, under Oregon law. Defendants relied on an attached copy of defendant-corporation's standard "Agent's Agreement," which plaintiff and a representative of defendant-corporation had signed, and which included the following arbitration language:
"[A]ny claim or controversy relating to or arising out of the relationship between the Agent and the Companies, this Agreement (and/or any agreement superseded by this Agreement), or the termination of this Agreement, whether the parties' rights and remedies are governed or created by contract law, tort law, common law or otherwise, or by federal, state or local statute, legislation, rule or regulations, shall be resolved exclusively by binding arbitration in Bloomington, Illinois (unless otherwise provided by law), by one arbitrator selected by the Companies and the Agent, all in accordance with the commercial arbitration rules of the American Arbitration Association then in effect."
Defendants argued that, to the extent that plaintiff challenged the arbitration provision itself, the arbitrator, not the court, should decide that challenge, because the parties had "clearly and unmistakably agreed to allow the arbitrator to *42 decide the arbitration agreement's application, validity, and scope."
Plaintiff responded by arguing that, for two reasons, the trial court could give no effect to the arbitration agreement. First, plaintiff argued that the agreement was unenforceable under ORS 36.620(5), which provides that a "written arbitration agreement entered into between an employer and employee * * * is voidable and may not be enforced by a court" unless certain notice requirements are met.[2] In support of that *456 argument, plaintiff contended that he had been defendants' employee rather than an independent contractor, and that the requirements of ORS 36.620(5) had not been met.[3] Second, plaintiff argued that the arbitration provision was unenforceable because it was unconscionable.
Defendants replied that the FAA preempted ORS 36.620(5), and argued that, under the FAA, a state statute may not impose requirements on arbitration clauses that the statute does not make applicable to contracts in general. According to defendants, whether plaintiff had been an employee or an independent contractor was beside the point, because that federal law prohibited the trial court from applying ORS 36.620(5). In reply to plaintiff's argument *43 that the arbitration provision was unconscionable, defendants reiterated that the arbitrator, not the court, should decide that question, along with any other questions about the validity or applicability of the arbitration provision.
The trial court denied defendants' motion to compel arbitration "without prejudice." The court explained that, in its view, "whether or not this is a matter for arbitration * * * is a factual determination," dependent upon whether plaintiff was an employee or an independent contractor. Defendants challenged that reasoning and argued that plaintiff's employment status was "sort of a red herring in this case * * * because the FAA preempts the Oregon law on this point." The trial court disagreed, stating, " I think this is a factual determination, and that will be determined by * * * the trial court."
Defendants took an immediate appeal under ORS 36.730(1)(a), which provides the "exclusive means for appealing from an order denying a petition to compel arbitration." Snider v. Production Chemical Manufacturing, Inc. , 348 Or. 257, 267, 230 P.3d 1 (2010). We review the denial of a motion to compel arbitration for legal error. Gozzi v. Western Culinary Institute, Ltd. , 276 Or.App. 1, 3, 366 P.3d 743, adh'd to as modified on recons. , 277 Or.App. 384, 371 P.3d 1222 (2016).
We begin by rejecting plaintiff's preliminary contention that we must affirm because defendants' opening brief fails to address unconscionability, which plaintiff understands to have been an alternate ground on which the trial court based its order. The rule that a party "cannot seek reversal on appeal by challenging only one of two independent and alternative grounds for a ruling is well-settled and familiar." Strawn v. Farmers Ins. Co. , 350 Or. 521, 527, 256 P.3d 100 (2011). But that is not the case here. The trial court's statements in the course of the hearing on defendant's motion make clear that it ruled as it did solely based on its conclusion that, under ORS 36.620(5), the arbitration provision would be enforceable only if plaintiff was an independent contractor. Contrary to plaintiff's contention, the court did not rule on the alternative argument that the arbitration provision was unconscionable.
*44 The parties do not dispute that this is an arbitration clause to which the FAA applies. The FAA, in relevant part, provides:
"A written provision in * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be *457 valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
9 USC § 2. As interpreted by the United States Supreme Court, section 2 of the FAA creates a body of federal substantive law of arbitrability, which "applies 'even in the context of state-law claims brought in state courts.' " Industra/Matrix Joint Venture v. Pope & Talbot , 341 Or. 321, 329, 142 P.3d 1044 (2006) (quoting Buckeye Check Cashing v. Cardegna , 546 U.S. 440, 445, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) ). "Moreover, section 2 is 'a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.' " Gozzi , 276 Or.App. at 4-5, 366 P.3d 743 (quoting Moses H. Cone Hospital v. Mercury Constr. Corp. , 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ).
By providing that arbitration provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," section 2 of the FAA "establishes an equal-treatment principle: A court may invalidate an arbitration agreement based on 'generally applicable contract defenses' like fraud or unconscionability, but not on legal rules that 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.' " Kindred Nursing Centers Ltd. Partnership v. Clark , --- U.S. ----, 137 S.Ct. 1421, 1426, 197 L.Ed.2d 806 (2017) (quoting AT&T Mobility LLC v. Concepcion , 563 U.S. 333, 339, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) ). Thus, the United States Supreme Court has consistently held that the FAA preempts the enforcement of state statutes that erect barriers specific to arbitration provisions, including state laws that affect *45 only a certain class of litigants or claims. See, e.g. , Perry v. Thomas , 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) (holding that the FAA preempts statute allowing actions for the collection of wages notwithstanding existence of an arbitration agreement); Southland Corp. v. Keating , 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (same, as to statute requiring judicial forum for claims under state Franchise Investment Law).
Specifically, the FAA preempts state laws that create notice requirements that apply only to arbitration provisions, and not to contract provisions in general. See Doctor's Associates, Inc. v. Casarotto , 517 U.S. 681, 683, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). In Doctor's Associates, Inc. , the United States Supreme Court held that the FAA preempted a Montana statute that declared arbitration clauses unenforceable unless notice of the arbitration provision appeared on the first page of the contract in underlined, uppercase letters. The Court explained that the goals and policies of the FAA were "antithetical to threshold limitations placed specifically and solely on arbitration provisions." Id. at 688, 116 S.Ct. 1652.
Like the Montana statute in Doctor's Associates, Inc. , ORS 36.620(5) purports to impose notice requirements "specifically and solely on arbitration provisions." 517 U.S. at 688, 116 S.Ct. 1652. Accordingly, the FAA preempts that provision, and ORS 36.620(5) provides no basis for invalidating the parties' arbitration agreement. It is immaterial that ORS 36.620(5) applies only to employment contracts-the FAA preempts such provisions without regard to any protective purpose that they may have. See Southland Corp. , 465 U.S. at 16 n.11, 104 S.Ct. 852 (rejecting Justice Stevens's suggestion in dissent that California's "policy of providing special protection for franchisees * * * can be recognized without impairing the basic purpose" of the FAA).[4]
*46 Due to its focus on the preempted provisions of ORS 36.620(5), the trial court never proceeded to consider defendant's motion *458 under the proper framework, which follows. First, when a party argues to a trial court that an arbitration provision delegates the question of arbitrability to the arbitrator-i.e. , that the parties agreed to have the arbitrator, and not the court, determine whether the parties agreed to arbitrate the dispute at issue-the court must determine whether the arbitration provision "clearly and unmistakably" delegates the arbitrability question to the arbitrator. Gozzi , 276 Or.App. at 12, 13 & n.5, 366 P.3d 743 (citing Rent-A-Center, West, Inc. v. Jackson , 561 U.S. 63, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010) ). If so, then the trial court must grant the motion to compel arbitration. Id. at 16, 366 P.3d 743.
Second, if the trial court determines that the parties did not clearly and unmistakably delegate the arbitrability question to the arbitrator, the court must proceed to determine whether, under state law, the arbitration provision is valid and enforceable. Industra/Matrix Joint Venture , 341 Or. at 331, 142 P.3d 1044 ; see Doctor's Associates, Inc. , 517 U.S. at 687, 116 S.Ct. 1652 ("[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening [ 9 USC] § 2."). The court must consider only the arbitration provision, however, and not the contract as a whole: "[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." Buckeye Check Cashing , 546 U.S. at 449, 126 S.Ct. 1204.[5]
Third, if the arbitration agreement is found to be valid and enforceable, the trial court must determine whether the particular controversy between the parties is within the scope of that agreement, again applying "ordinary principles of state contract law." Industra/Matrix Joint Venture , 341 Or. at 331, 142 P.3d 1044. The court must bear in mind that a party "cannot be required to submit to arbitration any *47 dispute which [the party] has not agreed so to submit." Id. (internal quotation marks omitted). Nevertheless, it must address questions of arbitrability " 'with a healthy regard for the federal policy favoring arbitration,' and 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration [.]' " Id. at 332, 142 P.3d 1044 (quoting Moses H. Cone Hospital , 460 U.S. at 24-25, 103 S.Ct. 927 ). If, following that analysis, the court determines that the arbitration provision applies to the claims at issue, then it must compel arbitration.
We reverse and remand so that the trial court can undertake that analysis.
Reversed and remanded.

The text of the relevant portion of the FAA, 9 USC section 2, is set out below at 290 Or.App. at 44, 414 P.3d 454.

ORS 36.620(5) and (6) provide:
"(5) A written arbitration agreement entered into between an employer and employee and otherwise valid under subsection (1) of this section is voidable and may not be enforced by a court unless:
"(a) At least 72 hours before the first day of the employee's employment, the employee has received notice in a written employment offer from the employer that an arbitration agreement is required as a condition of employment, and the employee has been provided with the required arbitration agreement that meets the requirements of, and includes the acknowledgment set forth in, subsection (6) of this section; or
"(b) The arbitration agreement is entered into upon a subsequent bona fide advancement of the employee by the employer.
"(6) The acknowledgment required by subsection (5) of this section must be signed by the employee and must include the following language in bold-faced type:
"I acknowledge that I have received and read or have had the opportunity to read this arbitration agreement. I understand that this arbitration agreement requires that disputes that involve the matters subject to the agreement be submitted to mediation or arbitration pursuant to the arbitration agreement rather than to a judge and jury in court."

Defendants do not contend that the notice requirements of ORS 36.620(5) were satisfied.

More recently, the United States Supreme Court has suggested in dictum that states are permitted "to take steps addressing the concerns that attend contracts of adhesion-for example, requiring class-action-waiver provisions in adhesive arbitration agreements to be highlighted," so long as the state law does not "conflict with the FAA or frustrate its purpose to ensure that private arbitration agreements are enforced according to their terms." Concepcion , 563 U.S. at 347 n.6, 131 S.Ct. 1740. We do not understand this dictum to have overruled the Court's holding in Doctor's Associates, Inc .

The same principle applies to the first step in the arbitration inquiry. "[U]nless a party 'challenge[s] the delegation provision specifically,' the provision is treated 'as valid under [section] 2, and [a court] must enforce it * * *, leaving any challenge to the validity of the Agreement as a whole for the arbitrator.' " Gozzi , 276 Or.App. at 16, 366 P.3d 743 (quoting Rent-A-Center, West, Inc. , 561 U.S. at 72, 130 S.Ct. 2772 (alterations in Gozzi ) ).